CAPITOL MOTION PICTURE SUPPLY CORPORATION, Plaintiff, *v.* JOAN OF ARC PICTURES, INC., and Others, Defendants.

City Court of New York, Special Term, New York County, December 15, 1939.

*Jame Bros.*, for the plaintiff.

*Krellberg & Fitzsimons*, for the defendants Joan of Arc Pictures, Inc., and Sherman S. Krellberg.

*Julius Alan Weiss*, for the defendant Henry Puchall & Co., Inc.

COLEMAN, J. In an action by a general contractor against the owners of a theatre upon a contract for the alteration of the theatre the defendants interpose a counterclaim based upon an alleged breach by a subcontractor. The plaintiff thereupon brought in the subcontractor as an additional party under subdivision 2 of section 193 of the Civil Practice Act, claiming that for any such breach the latter would be liable to it. After trial the jury found in favor of the plaintiff and rejected the counterclaim. The claim over against the subcontractor of necessity fails. In such circumstances, is the subcontractor entitled to costs as against the plaintiff?

In enacting subdivision 2 of section 193, to permit the determination in one action of the rights and liabilities not only of the imme-

diate litigants but of those necessarily affected by that determination (*Municipal Service Real Estate Co., Inc., v. D. B. & M. Holding Corp.,* 257 N. Y. 423), the Legislature made no direct provision as to costs. But that question can be decided by reference to the section itself and to section 1476. By subdivision 2 of section 193 the original action is to " proceed against [the subcontractor] as a defendant therein to such judgment as may be proper." There are then two defendants in the case — in a real and not merely nominal sense. It was the plaintiff, not the original defendant, which brought in the subcontractor and made him as to it an adversary party. The subcontractor, of course, " was not united in interest " with the original defendant. The conditions of section 1476 of the Civil Practice Act are met, and, although the subcontractor is not entitled to costs as a matter of right, I think he should have them as a matter of discretion. I observe from our records in this case, which of course I may notice judicially, that the first cross-complaint served upon the subcontractor was dismissed on its motion as insufficient, and that thereafter three separate amended complaints were filed. The subcontractor was obliged to be present on the trial to protect himself, and although, as it turned out, the plaintiff was excessively shielded against liability on the counterclaim, it was responsible for the subcontractor's presence, and in the circumstances here it should pay costs.

As between the plaintiff and original defendant, the verdict will of course carry interest. (Civ. Prac. Act, § 480.) Settle order.