LUCY FENELLE, Petitioner, *v.* THOMAS FENELLE, Respondent.

Domestic Relations Court of New York, Family Court, Kings County, March 8, 1944.

*Alexander White* for respondent.

*Joseph M. Goldstein* for petitioner.

PANKEN, J. This proceeding was initiated by petition sworn to on the 16th of December, 1941. Petitioner at the time of the institution of the proceeding resided in Woodcliff, New Jersey. The respondent was a resident of the State of New York, residing in the borough of Manhattan, in the city of New York. An order was duly entered on the 16th of December, 1941, on consent of the parties herein, requiring the respondent to make provision for the support of his spouse, under sub-

division 1 of section 103 of the Domestic Relations Court Act of the City of New York (L. 1933, ch. 482; L. 1942, ch. 761) which reads: "A husband * * * may be required to furnish support or may be found guilty of non-support, as provided in the two preceding sections, if, (a) he * * * is residing or domiciled in the city at the time of the filing of the petition for support * * *." This court had acquired jurisdiction over the parties as of the subject matter. As already said at the time of the filing of the petition, petitioner was not domiciled in the city of New York. The order is still in force and effect.

This matter comes on before me on a motion for an order to suspend, vacate or dismiss the order hereinbefore referred to. It is conceded by the parties that the domicile of the petitioner is still within the State of New Jersey; that she still resides at the address first above given; that the respondent has since the institution of the proceeding herein and the order thereon made, established his domicile in the town of North Bergen, county of Hudson, State of New Jersey.

Both petitioner and respondent appeared by counsel, each of whom is admitted to practice law in the State of New Jersey. Neither of them is admitted to practice his profession in the State of New York. On motion of an attorney duly admitted to practice in the State of New York, both counsel were admitted to appear in this proceeding and argue before the court and submit briefs herein.

It is apparent both from the conceded statement of fact as well as the appearance of counsel for the respective parties that both the respondent and the petitioner are now resident and domiciled permanently without the State of New York; that they are both now permanently resident and domiciled in the State of New Jersey. In the case of *Urdaneta* v. *Urdaneta* (44 N. Y. S. 2d 142) this court said: " It would seem that an order made for the benefit of a spouse or another dependent may be vacated upon proof that the beneficiary had departed from the State permanently." In the case of *Wagner* v. *Wagner* (257 App. Div. 307, 308) the court said: " We reserve the question as to whether the right to continue an order such as was made here would exist where the persons benefited reside permanently without the State." That was a case in which an order had been made for the support of a spouse by the Family Division of the Domestic Relations Court of the City of New York.

Further on in the opinion in *Wagner* v. *Wagner* (*supra*) the court suggests: " If the wife does not return within a reason-

able time, the application to the Family Court may be renewed upon proper proof."

Taking the two sentences quoted from the *Wagner* case together, the conclusion cannot be otherwise but that the determination by the Appellate Division of the Supreme Court of the State of New York is that an order entered in this court in a proceeding before this court may be vacated and the proceeding dismissed, upon proper proof that the wife, the beneficiary of such order, had departed from the State and the jurisdiction of this court and had established a permanent domicile in a foreign jurisdiction.

The nature of the Domestic Relations Court of the City of New York, Family Division, is anomalous, certainly peculiar in that no order of the court is ever final.

Orders in the Family Division of the Domestic Relations Court are based on existing financial ability of respondent to respond to the order of the court, industrial capacity of petitioner, the age of the children involved, and the circumstances in the premises as they may exist; and with change in such circumstances, financial and otherwise, under the Domestic Relations Court Act of the City of New York (§ 92, subd. 16), the court may modify, indeed it is required to modify, its orders to meet such changing conditions.

It is within the realm of possibility, if not probability, that the domicile of the parties before me may again be changed and settlement may be acquired and domicile established within this jurisdiction. That possibility or probability, however, is not sufficient to require the court to continue the life of this proceeding. It certainly would not justify the court in assuming the responsibility in respect to the petitioner, which squarely is the responsibility of the State of New Jersey where the parties are domiciled. The court may assume such responsibility, but in my judgment it is discretionary with the court as to whether that responsibility should be assumed. Sound discretion does not permit the continuance of jurisdiction over the parties herein by this court. To continue this case would be tantamount to constituting the court and its instrumentalities as a collection agency for the nonresident who can have recourse in the court of her own State for such relief as she may be entitled to.

Proceeding dismissed.