'' Elizabeth Thomas '', Petitioner, *v.* '' John Taylor '', Respondent.*

Domestic Relations Court of the City of New York, Family Court, New York County, April 12, 1950.

---

* Names used herein are fictitious for the purpose of publication.

*George Foster* for respondent.

*John P. McGrath, Corporation Counsel (Mildred Miller* of counsel), for petitioner.

DELANY, J. This case was brought to the attention of the court on application by respondent to dismiss the petition and to vacate the present order which compels respondent to contribute toward the support of his minor child, " John Taylor ", who is presently under the age of seventeen years. This proceeding was originally instituted by petitioner on May 10, 1946. She sought an order directing the father to contribute toward the support of three children born of the marriage between petitioner and respondent. Their marriage had been dissolved previously by a decree of divorce in the Superior Court of California where both petitioner and respondent at that time were domiciled.

Subsequent to the time petitioner and respondent were divorced in California petitioner and the child moved to Babylon, Long Island, in Suffolk County, New York, where petitioner and her child, "John Taylor", are presently domiciled. Respondent, subsequent to said divorce, also left the State of California and became a resident of New York City. He was domiciled in New York City at the time petitioner originally commenced her first proceeding in this court. The final original order in this court was entered upon an agreement by petitioner, respondent and their counsel on June 5, 1946, directing respondent to pay to petitioner $25 weekly toward the support of their three minor children. The entry of the final order on consent of both sides was made retroactive to May 6, 1946. The entry of said order on consent, admitted the jurisdiction of this court to hear and determine the issues arising between petitioner and respondent.

Subsequent to the entry of said order, one of the three children arrived at an age past seventeen years, and another chose to live with respondent, rather than petitioner. The final original order was accordingly modified on September 8, 1948, directing respondent to pay to petitioner $12.50 weekly toward the support of "John Taylor" only, who was then and is now under seventeen years of age, and is presently living with petitioner.

Subsequent to the entry of said modified order, respondent removed from the city and State of New York and presently is domiciled without the jurisdiction of this court.

The facts, as they relate to the jurisdiction of this court to presently hear and determine the issues presented, have been conceded by counsel for both sides. Petitioner contended that continuance of an order of support when all parties reside without the jurisdiction of this court is clearly within the discretion of the court and cites "Moses" v. "Moses" (193 Misc. 890, 897) in which case the general rule is laid down that: "True, as a general rule jurisdiction once acquired is not defeated by subsequent events, even though they are of such character as would have prevented jurisdiction attaching in the first instance."

Also cited by petitioner is the case of "Primavera" v. "Primavera" (195 Misc. 942). On this case and "Almandares" v. "Almandares" (186 Misc. 667) and "Buenos" v. "Buenos" (189 Misc. 262) petitioner principally relies in her plea that the court in its discretion refuse to grant respondent's

plea that the petition be dismissed and the order for support be vacated.

Respondent on the other hand contended in substance that this is a statutory tribunal, with limited jurisdiction, and that where it appears that the residential jurisdiction provided for in section 103 of the New York City Domestic Relations Court Act have ceased to exist — this court should refuse to exercise jurisdiction heretofore acquired over the parties and the proceedings. Respondent also cites the case of *" Moses "* v. *" Moses "* (pp. 894, 898, *supra*) — in which my learned colleague, Mr. Justice SICHER in denying petitioner's application to reinstate an order heretofore suspended, said *inter alia,* referring to the powers of this court: " Moreover, this is a Domestic Relations Court of the *City of New York;* it is a statutory court of limited jurisdiction with only those enumerated powers expressly conferred by the Legislature; and section 103 of the Domestic Relations Court Act contains certain residential jurisdiction requirements which are no longer met in the instant proceeding " and " that possession of jurisdiction does not, *ipso facto,* require its use but the Family Court has the right to exercise discretion against continuing or originally making a support order in behalf of a nonresident beneficiary."

To decide the issues raised by respondent on the narrow lines so sharply drawn by petitioner that the court once having acquired jurisdiction is not divested of jurisdiction by any subsequent events, and should therefore in *its* discretion enforce the order because it presently has jurisdiction — would set a precedent — which if sustained on appeal would visit undue hardship upon a respondent who in a proper case should be relieved of the order of support.

It would be equally unfortunate and would undoubtedly visit undue hardship upon a petitioner to decide the issues raised in the instant case on the narrow lines even more sharply drawn by respondent, that when it appears that in this, a statutory court — residential jurisdictional requirements have ceased to exist the court, without giving thought to its discretionary powers, should decline to continue the proceedings.

This decision, among other reasons, has been withheld beyond the time originally scheduled, because of the decision handed down by the Appellate Division, Second Department, in *Kolber* v. *Kolber* (276 App. Div. 967) in which that court squarely affirmed the position upon which respondent in the instant case relies, the decision reading: " Appeal from an order made in the Domestic Relations Court of the City of New York, Family

Court Division, County of Kings, on the 22nd day of April, 1949, which, among other things, denied the application of the appellant to dismiss a proceeding for the support of the respondent and the children of the parties on the ground that neither the respondent nor the appellant were then residents or domiciled in the city of New York. Order reversed on the law and the proceeding dismissed. It does not here appear that the removal of either of the parties to this proceeding was merely a temporary one. They had removed themselves from the jurisdiction of the court permanently. (*Wagner* v. *Wagner,* 257 App. Div. 307.) ''

The decision in *Wagner* v. *Wagner* (257 App. Div. 307, *supra*) does not squarely meet the issues presented in the instant case and in *Kolber* v. *Kolber* (*supra*). However, Mr. Justice PANKEN in *Fenelle* v. *Fenelle* (183 Misc. 123, 125) in interpreting the *Wagner* case which preceded the decision handed down by the Appellate Division, Second Department, in the *Kolber* case said as follows: '' Taking the two sentences quoted from the *Wagner* case together, the conclusion cannot be otherwise but that the determination by the Appellate Division of the Supreme Court of the State of New York is that an order entered in this court in a proceeding before this court may be vacated and the proceeding dismissed, upon proper proof that the wife, the beneficiary of such order, had departed from the State and the jurisdiction of this court and had established a permanent domicile in a foreign jurisdiction.''

In the absence of a final determination by the Appellate Division, First Department, or the Court of Appeals, on the issues presented in *Kolber* v. *Kolber* (*supra*) and in the case at bar, it would appear that the interests of justice would best be served by not slavishly following, what appears to be the narrow rule laid down in the *Kolber* case. Rather would it appear, that the rules laid down in *Adams* v. *Adams* (272 App. Div. 29), '' *Almandares* '' v. '' *Almandares* '' (186 Misc. 667, *supra*), '' *Moses* '' v. '' *Moses* '' (193 Misc. 890, *supra*), and *Fenelle* v. *Fenelle* (183 Misc. 123, *supra*) should be followed rather than the rule in the *Kolber* case which would seem to compel this court to declare that it is, *ipso facto,* divested of jurisdiction, once formerly acquired, whenever the beneficiary of the order or all of the parties to a proceeding remove from the jurisdiction of this court.

The *Kolber* case (*supra*) could, and properly should be distinguished, so as not to prohibit this court from exercising its sound discretion, in a proper case. In the instant case, however,

the court, in its sound discretion holds, that the interests of justice will be served best, by vacating the order requiring respondent to contribute toward the support of his son, " John Taylor " and dismissing the petition herein.

Order vacated and case dismissed.