William W. Serba, J.
This is an application to the Family Court of the County of Allegany to adjudge the respondent guilty of contempt of the Family Court for failure to comply with the provisions of an order of this court dated September 11, 1963, which order specifies visitation rights of the children of the parties hereto. It appears from an examination of the court records that there have been two proceedings between these parties in the Family Court of Allegany County. The court takes judicial notice of these proceedings. (Kane v. Walsh, 295 N. Y. 198, modfg. 269 App. Div. 738; Grace Nat. Bank v. State of New York, 30 Misc 2d 987; Devine v. Melton, 170 App. Div. 280; Capitol Motion Picture Supply Corp. v. Joan of Arc Pictures, 173 Misc. 773.)
One of the court proceedings is in the nature of a neglect proceeding instituted upon a petition of Thomas Horn dated August 16,1963. This petition is on form 3-6 of the official forms of the Family Court concerning neglect. This petition resulted in an order dated September 11, 1963, determining terms and conditions of custody of the three children of Thomas Horn, the petitioner, and Lois Horn, the respondent in that proceeding. Lois Fisher, the respondent in this proceeding, is the same person designated as Lois Horn in the original neglect proceeding.
Lois Fisher, the respondent herein, thereafter and on or about the 24th day of August, 1964, petitioned this court for a modification of the order of September 11, 1963, which petition was dismissed on September 4,1964, without prejudice to the bringing of a new application for failure to state adequate grounds for review. Thereafter and on or about the 19th day of November, 1966, Lois Fisher petitioned this court for a modification of the order of September 11,1963, and a summons was issued thereon and served on Thomas Horn on the 15th day of February, 1967, returnable on March 23,1967. On the return date the petitioner *672 adjourned the matter sine die and thereafter withdrew or abandoned the said proceeding and no further action has been taken on the petition of Mrs. Fisher on the application of November 19,1966, to modify the order of the court. All of these proceedings have been had in File N-7-63 based upon the original allegations of neglect.
In a separate proceeding commenced in the Supreme Court of the County of Allegany, Lois Fisher petitioned for a writ of habeas corpus by petition dated the 12th day of October, 1964. On this petition a writ of habeas corpus was issued on the 21st day of October, 1964, by the Hon. Joseph A. Nevihs, Justice of the Supreme Court. This petition prays for a determination as to the custody of the said children. The Hon. Joseph A. Nevins, Justice of the Supreme Court, by order dated the 30th day of November, 1964, referred the proceeding to the Family Court of the County of Allegany pursuant to article 6 of the Family Court Act. Thereafter a plenary hearing was held in the Family Court of the County of Allegany on the 17th day of December, 1964, and on the 11th day of February, 1965, the court gave its decision, copies of which were mailed to counsel for Lois Fisher and Thomas Horn as parents of the children whose custody was involved. The attorneys for the parties have, never submitted an order to effectuate the decision of the court. All of this is in the file of the Family Court of the County of Allegany designated as R-2-64.
On the 9th day of September 1967, the present proceeding for an order to .show cause why Lois Fisher should not be found in contempt was instituted by Thomas Horn upon his affidavit bearing that date. Understanding the same to be in connection with an application for contempt arising out of a habeas corpus proceeding, an order to show cause was issued by this court on the 9th day of September, 1967. It appears, however, from the affidavit of Thomas Horn dated September 9, 1967, the affidavit of Lois Fisher dated September 15, 1967, the affidavit of James Smith dated September 15, 1967, the records of this court to which reference has been made, and upon all the proceedings heretofore had, that upon no theory can these contempt proceedings be considered to be a part of the habeas corpus proceeding. They must necessarily be proceedings for a violation -of the order of the Hon. Norm ah B. Fitzer, as Family Court Judge, dated November 1,1963, founded in neglect under article 3 of the Family Court Act, the order of September 11, 1963, being an order of disposition entered upon a stipulation of the parties pursuant to the provisions of part 5 of article 3 of the Family Court Act. This court, under the provisions of section *673 156 of the Family Court Act, is without jurisdiction to proceed in contempt and this proceeding must therefore be dismissed.
The petition for an order to show cause why the respondent should not be adjudged in contempt is dismissed without prejudice to the rights of the parties to the bringing of a further proceeding in accordance with the laws of the State of New York concerning matters herein not determined. Submit order.