I. Leo Glasses., J.
The petitioner has moved this court for an order pursuant to section 460 of the Family Court Act directing entry of a judgment for the amount of arrears which have accrued under an order of support entered on October 11, 1967 after a full hearing. The respondent contends that the motion should be denied for the reasons that:
1) This court lacks jurisdiction to grant the relief sought or, in the alternative, if jurisdiction does exist, the motion should be denied as a matter of law because neither party has been domiciled in the State of New York for three years past, and
2) The respondent’s circumstances since the entry of the order should move the conscience of the court to forgive the arrears pursuant to section 458, paragraph (e) of subdivision 1 of section 460 and subdivision 3 of section 460 of the Family Court Act.
*229 A court may take judicial notice of a record in the same court of the proceeding pending before it. (Bigaouette v. Bigaouette, 135 N. Y. S. 2d 719 [Sup. Ct., Kings County, 1954] ; Matter of Horn v. Fisher, 54 Misc 2d 671 [Family Ct., Allegany County 1967].) The record in this court, in this proceeding, reveals that on October 11, 1967 the respondent was found to be liable for the support of the petitioner and two children on a means basis. Predicated upon his then annual gross income of approximately $20,000 the respondent was directed to pay for their support the sum of $175 per week.
In November, 1967, the petitioner moved to Philadelphia, Pennsylvania, and in December, 1967, the respondent moved to Washington, D. C. The order of support continued in effect. On February 2, 1968 the petitioner appeared with the attorney to enforce the arrears which had accumulated to that date. The court referred her to a Uniform Support of Dependents Law proceeding, issued a warrant for the respondent and continued the order of support.
On June 13, 1969, the matter was calendared ‘ ‘ for termination ” by the financial officer of the Office of Probation. That step was taken in response to a letter from the respondent which advised that the parties were no longer domiciled in New York. The petitioner appeared pro se. The court’s indorsement for that date was as follows: “ P(etitioner) resides in Philadelphia. R(espondent) is in Wash. No action.”
On October 22, 1969 the matter was again calendared for termination. Neither side appeared and the court’s indorsement for that date was “Adj. to 12-10-69 for hearing on arrears. Notify both parties and counsel.”
On December 10, 1969 neither party appeared. Noting that the parties were no longer residents of New York and making reference to a letter from the respondent’s attorney addressed to the financial officer, the court’s indorsement was “Matter terminated without prejudice to the petitioner. ” It is significant to note that until then the order of support continued in full force and effect. That the respondent regarded himself under a continuing obligation to comply with that order is evidenced by his payment to the court of sums of $100 as late as November 24, 25, 26 and December 12, 1969.
On February 4, 1970 the petitioner appeared for the purpose of enforcing her right to arrears which had accumulated under the support order. She conceded that neither she nor the respondent had been residents of New York since December, 1967. By a decision dated April 3, 1970, the court cited Fenelle v. Fenelle (183 Misc. 123 [Family Ct., N. Y. County, 1944]) and *230 " Thomas ” v. “ Taylor ” (198 Misc. 142 [Family Ct., N. Y. County, 1950]) as authority for terminating the proceeding. The court also indicated that “ pursuant to F. C. A. Sec. 451, 460 an application would be entertained for an order directing the entry of a judgment for the amount of arrears and that notice of such application may be served upon the respondent By registered mail, with due proof of receipt thereof, not less than twenty days prior to the date upon which such application shall be heard.” This application was then made.
The respondent contends that the court lacks jurisdiction to grant the requested relief for the reason that, having terminated the proceeding by its order of December 10, 1969 the original support order “ had no further subsisting effect. * * * The proceeding having been terminated, there was no continuing jurisdiction by the court either over the subject matter of the proceeding or the parties which would permit the granting of the relief sought on this application. ’ ’
Logical analysis dictates that the resolution of the issue thus raised is dependent upon the legal significance of the words ‘£ without prejudice ’ ’ which qualified the termination of the proceeding. If by those words such rights as may "have then been vested in the petitioner were preserved, it must follow that jurisdiction would continue to which the assertion of those rights might be addressed.
The injunction that a fortress should not be made of the dictionary is hardly violated if resort is had to that book for an understanding of a phrase commonly used by the legal profession. Black’s Law Dictionary defines ££ without prejudice ” as follows: 1 £ Where * * * a motion is denied or a suit dismissed ‘ without prejudice ’, it is meant as a declaration that no rights or privileges of the party concerned are to be considered as thereby waived or lost except in so far as may be expressly conceded or decided. [Citations omitted] A dismissal £ without prejudice ’ allows a new suit to be brought on the same cause of action.” That this is the sense in which those words are used by lawyers and Judges, see: Genet v. Delaware & Hudson Canal Co. (170 N. Y. 278 [1902]) ; Wiedhopf v. Wolf (229 App. Div. 152 [1st Dept., 1930]) ; Skeels v. Bodine (68 App. Div. 217 [2d Dept., 1902]).
The decision of April 3, 1970 which alluded to a future application for a judgment for the amount of arrears was merely a recognition of the common understanding of the phrase ‘1 without prejudice ’ ’ and plainly indicated the intended implication of the order of December 10,1969. The jurisdiction *231 of this court to entertain the application is, therefore, beyond cavil. (See, also, Family Ct. Act, § 165; CPLR 5013.)
The respondent’s second contention is that the court should not, as a matter of law, exercise its jurisdiction to grant the relief sought since the parties are now and for the past three years have been nonresidents of the State of New York. ‘
There is ample judicial authority for terminating an order of support when both parties have permanently departed from the State. In addition to Fenelle v. Fenelle and “ Thomas ” v. “ Taylor ” (supra), see Kolber v. Kolber (276 App. Div. 967 [2d Dept., 1950]) ; Wagner v. Wagner (257 App. Div. 307 [1st Dept., 1939]) ; “Moses” v. “Moses” (193 Misc. 890 [Family Ct., N. Y. County, 1948]) ; “Almandares” v. “Almandares ” (186 Misc. 667 [Family Ct., Kings County, 1946]). The authorities are inconclusive as to whether the termination of the order in .such case is required or whether it rests in the sound discretion of the court. (Cf. Fenelle v. Fenelle, supra; “ Thomas ” v. “ Taylor ”, supra with Wagner v. Wagner, supra.) Whether the termination of the order operates retroactively and effects a cancellation of arrears which have accumulated to the date of termination or operates prospectively only appears to be a matter of first impression.
I decide that the order of termination operates only prospectively. To reach a different result would unduly prejudice the petitioner, who, although domiciled in another State, continued to rely upon the continuing efficacy of the New York support order and refrained from instituting proceedings in her own State. This is especially true where the respondent, as here, continued to make payments to the New York court until the order was terminated. The procedure which should have been followed by the respondent is indicated in Kolber v. Kolber (supra), in which an application was made to dismiss a support proceeding on the ground of nonresidence and which was ultimately done here when, in response to letters by the respondent, the financial officer of the Office of Probation calendared the proceeding for termination on the same ground. Notice that such application was to be made was sent to the petitioner and only then was the petitioner apprised of the impact which nonresidence might have upon the support order.
Assume the case in which A obtains an order of support against B. At the time the order was made, venue was properly laid in New York pursuant to section 421 of the Family Court Act. Assume that the parties continued to reside in New York for three years thereafter and that substantial arrears accumulated under that order. Assume further that the parties then *232 moved to another State. If, as the respondent contends, the crucial fact is the fact of nonresidence and his contention is pursued to its inevitable conclusion, then it should make little or no difference whether the arrears accumulated while the parties were resident or nonresident and we would be driven to hold that the .order of termination which might now be properly entered eliminated the possibility of relief with respect to the arrears. I cannot ascribe to the law any such unreasonable or unexplainable purpose. My view as to the prospective operation of the order of termination makes it unnecessary to consider the constitutional question which would be raised by the retroactive operation of the order.
Finally, the respondent urged that if the court had the power to grant the relief sought, evidence should be received concerning the propriety of canceling all or part of the arrears in the exercise of its discretionary power under section 458 and subdivision 3 of section 460 of the Family Court Act. A hearing was held and evidence was adduced on this issue.
The arrears were stipulated to be $8,335. The evidence established that although he was ordered to pay $175 per week for the support of the petitioner and two children on October 11, 1967, the respondent, unilaterally, reduced his payments to $100 per week commencing December 4, 1967 and continued to pay that sum thereafter. The respondent conceded upon cross-examination, that there were no changes in circumstances between the date of the order and his reduced payments. He never made application to the court for a downward modification although he did communicate with the financial officer about the hardship imposed upon him by the support order. Needless to say, his remedy, had he felt aggrieved by the order, was to appeal it or to petition the court for a rehearing or for 11 downward modification ”. He did neither.
The court order was predicated upon an annual gross income of approximately $20,000. In 1968, the respondent testified, he had an annual gross income of $26,000. In 1969, he had an annual gross income of $30,700. The respondent’s gross annual income for 1970 was $23,000. He is not now and has not been steadily employed since January 1, 1970. His income is derived from services he renders as an information systems consultant for transportation and urban planning. His last consulting assignment was on December 20, 1970. There was speculation but no competent evidence that his earnings for 1971 would be substantially less than in the preceding three years. If such speculation would not justify a downward modification of an existing support .order it should not justify forgiveness of *233 arrears. (See, generally, Ann. 18 ALB 2d 10, 21, 51.) In any event, the arrears for which the respondent asks forgiveness accrned, it must be remembered, during a period commencing October 11,1967 and ending December 10,1969 — a period when his gross income was substantially more than it was when the order was made. Although there was considerable testimony regarding substantial expenses during that same period, those expenses were offset by the increased income.
The parties stipulated that the respondent paid approximately $1,200 for orthodontic services rendered his children. He should be credited with that amount. The evidence also established that for approximately eight months after moving to Philadelphia in November, 1967, the petitioner was employed and earned $90 per week net. The income of the petitioner may properly be considered in making an order of support. (Brownstein v. Brownstein, 25 A D 2d 205 [1st Dept., 1966].) Fairness dictates that it also be considered in connection with this application.
In the light of the testimony regarding the respondent’s earnings and expenses, the petitioner’s earnings during an eight-month period and upon all the facts and circumstances and in the exercise of discretion vested in the court by section 458 and paragraph (e) of subdivision 1 of section 460, the arrears are canceled in the amount of $3,600. That sum is arrived at by adding the $1,200 alluded to above to $2,400 representing $75 per week for the eight-month period during which the petitioner was employed. The arrears are thus fixed at $4,735.
Pursuant to paragraph (e) of subdivision 1 of section 460 of the Family Court Act it is hereby ordered that judgment be entered against the respondent in the amount of $4,735, together with $10 costs and disbursements.
Notify the parties and their attorneys.