YDROGO *v.* YDROGO.

1. DIVORCE—SUPPORT OF CHILDREN—VISITATION.

An agreement between divorced parents that the father need not pay money for support of the minor children, provided he stay away from them, would not bind or necessarily control the court in a subsequent proceeding brought to compel the father to support his young children.

2. SAME—ARREARAGE OF SUPPORT—MODIFICATION OF DECREE.

Trial court's modification of decree of divorce as to support of children whereby arrearage of $7,102 was reduced to $3,500 which husband was ordered to pay forthwith to friend of the court, and pay $6 each week for each of 2 of the minor children who have been institutionalized and $7 weekly to mother for support of the youngest child, is further modified to relieve father of the present payment of the reduced arrearage in view of the husband's inability to make payment at this time.

3. SAME—COSTS—ATTORNEY FEES—MODIFICATION OF DECREE.

Father who has paid but little toward support of his 6 children in course of 10-year period since divorce is ordered to make payment of $150 attorney fee to wife's attorney but no other costs, where decree is further modified in favor of husband on his appeal from decree as entered by trial court and decree as to current support of children yet under 17 years of age remains effective.

Appeal from Wayne; Culehan (Miles N.), J. Submitted January 9, 1952. (Docket No. 15, Calendar No. 45,172.) Decided March 6, 1952.

Divorce proceedings between Rita Ydrogo and Jose Ydrogo. On order to show cause why defend-

REFERENCES FOR POINTS IN HEADNOTES

[1] Generally as to allowance for support, see 17 Am Jur, Divorce and Separation § 697.
[2] Generally as to modification of allowance, see 17 Am Jur, Divorce and Separation § 703.

ant should not be adjudged guilty of contempt and on defendant's petition for modification of decree. Decree modified as to alimony. Order adjudging defendant guilty of contempt. Defendant appeals. Modified and affirmed.

*Charles C. Benjamin* (*George Menendez,* of counsel), for plaintiff.

*Kirby L. Wilson, Jr.,* and *Harold J. Smith* (*Carroll C. Grigsby,* of counsel), for defendant.

NORTH, C. J. This is a much delayed proceeding by plaintiff to collect back alimony. Plaintiff was granted a divorce on the ground of extreme and repeated cruelty in December, 1940. At that time there were 5 children of the marriage: Esther, 13 years; Thomas, 11 years, 4 months; Manuel, 10 years; David, 5 years; Louis, 4 years. By the original decree plaintiff was given custody of Esther, David and Louis, and for their support and maintenance plaintiff was awarded $8 per week alimony. Approximately 2 months after the decree was entered, plaintiff gave birth to another son, Samuel. In February, 1943, on plaintiff's petition, the decree was modified and she was given custody of all 6 of the children and awarded for their support $15 per week. The amended decree also provided: "That the defendant shall pay forthwith all of the past due allowance." In March, 1944, plaintiff filed another petition of like character as that now before the Court; but it appears that the 1944 proceedings resulted only in placing defendant on probation for 1 year and did not bring about further payments under the decretal order. In fact, plaintiff, who was then in Texas, did not appear in the proceedings. Defendant's reprehensible neglect of his duties toward his 6 children is disclosed by the statement in his

brief: "During the 10 years since the decree, no alimony was ever paid, except for some $180."

At the time the instant petition was filed (October 26, 1950) defendant was in default in approximately the amount of $7,000. During the years since the original decree defendant has resided in Detroit and has been steadily employed by the Detroit Edison Company, and during the major portion of that time plaintiff also resided in Detroit. She has offered no appealing reason for her not having heretofore made any reasonable effort to force compliance by defendant with the provisions for payment of alimony as decreed. As a result of plaintiff's inactivity she is now appealing to the court for relief which, from a practical standpoint, it is quite impossible for the court to effectually grant in view of pertinent facts hereinafter stated.

While plaintiff's present petition was pending in the circuit court defendant filed a petition for modification of the amended decree of divorce. His petition and that of plaintiff were considered simultaneously by the circuit judge. Each petition was referred to the friend of the court and reports made. In defense of plaintiff's petition and in support of his petition for modification, defendant makes the claim, as stated in his brief, "that immediately after the divorce, the wife declared that she wanted him (defendant) to stay away from the children, in exchange for which she desired no support from him." Defendant's testimony in this respect was denied by plaintiff, and this claim of defendant is seriously discredited by his own testimony. Repeatedly he testified that this agreement or arrangement with plaintiff was entered into "shortly after the divorce went through." The circuit judge asked defendant: "When did she tell you this?" Defendant answered: "Right after the divorce." The court: "What year?" Answer: "1940." Surely it is passing strange that,

so far as the record discloses, this agreement in 1940, or according to defendant's witnesses prior to 1942, was not asserted when in February, 1943, on plaintiff's petition, defendant was before the court and the decree was modified by giving to plaintiff custody of all the children with alimony increased from $8 per week to $15 per week and defendant ordered to "pay forthwith all of the past due allowance." Further, even if there had been such an arrangement between plaintiff and defendant, it would not bind or necessarily control the court in a subsequent proceeding brought to compel a miscreant father to support his young children.

The disposition of the instant proceedings made by the trial court was substantially as follows:

(1) Plaintiff was given the "care, custody, control and education of David, Louis and Samuel," they being the only children of this marriage who were at the time (March 5, 1951) under 17 years of age.

(2) Defendant was ordered to pay through the office of the friend of the court to plaintiff for the support of the youngest child above named $7 per week until he becomes 17 years of age, or until the further order of the court.

(3) And further, that defendant "pay to the Wayne county board of auditors, for the support and maintenance of David and Louis, 2 of the minor children of the parties hereto, who are now in the Wayne county training school, the sum of $6 per week, each, * * * until each of said children shall have attained the full age of 17 years, or, until the further order of this court."

The above modification of the amended decree of February 5, 1943, makes the following disposition of "alimony arrearage." The total arrearage of $7,102 found by the trial court was reduced to $3,500; and defendant was ordered to pay that amount forthwith to the friend of the court "to be transmitted to Rita

Ydrogo, the plaintiff herein, for the use and benefit of the minor children of the parties hereto."

But the trial court further ordered and decreed "that from the aforesaid $3,500, to be forthwith deposited by said defendant with the friend of the court, the said friend of the court is hereby ordered to deduct therefrom, an amount to be ascertained by the friend of the court for the keep and board of David and Louis Ydrogo  *  *  *  from the time of their respective institutionalization at the Wayne county training school, up to and including the date of this order." And that the amount so determined and deducted be paid "to the board of Wayne county auditors for the use and benefit of the said Wayne county training school  *  *  *  for reimbursement for expenses in the aforesaid behalf incurred by said institution."

As to what relief, within reason, can be ordered touching the matter of paying "alimony arrearage," the following facts must be given consideration. Each of these parties has remarried, but plaintiff's remarriage was of short duration. At the hearings before a referee from the office of the friend of the court the following was made to appear. After deduction of $7 for income tax and social security, defendant's net earnings per week total $70.50. As against this he makes a showing of weekly expenses (including $15 for support of the children) of $68.25. His net possessions (including an item of $500 for furniture) is $397. Plaintiff, after deducting for income tax and social security, at her employment with a packing company has a weekly income of $62.75. As against this item plaintiff's weekly expenditures total $72, thus leaving a deficit. She is possessed of furniture valued at $1,000; but lists obligations totalling $600, leaving her net worth in the amount of $400. She has the custody of Samuel, the youngest of the children, and there is also a

showing that David and Louis, notwithstanding they are institutionalized in the Wayne county training school, spend weekends with plaintiff and she has contributed in a limited way to their needs. From time to time, but in an amount not disclosed, plaintiff received help from one or more of her brothers.

With the condition indicated by the facts, just above noted, it seems obvious that no good purpose or practical result can be obtained by a present modification of the decree that defendant shall "forthwith pay to the said plaintiff, Rita Ydrogo, through the office of the friend of the court, the sum of $3,-500." Instead, provision for plaintiff's present needs and the needs of Samuel, the youngest child, can best be made by amending the decree, as did the trial judge, to provide that defendant from and after February 23, 1951, shall pay to the friend of the court $7 per week, credit to be given for any payments under this provision that have heretofore been made by defendant; and further that defendant shall pay each week from and after February 23, 1951, to the friend of the court to apply on the maintenance of the minor children, David and Louis, in the Wayne county training school, $6 per week for each of said 2 sons, until they respectively become 17 years of age, and that the amount so paid shall be turned over by the friend of the court to the board of Wayne county auditors for the use and benefit of the Wayne county training school.

Our review of this unsatisfactory record brings the conclusion that by the amended decree the trial judge rightly reduced the amount of alimony arrearage to $3,500, and this should be affirmed; but, because of obvious inability to make payments at this time in excess of those above stated, we are not in accord with the modification of the decree by the trial judge requiring defendant to forthwith pay

$3,500 to the friend of the court. However our modification of the decree in this respect should not result in the cancellation of the reduced amount of alimony arrearage, but instead only that we decline at this time to order payment thereof by defendant.

An amended decree may be entered in this Court in accordance with the foregoing, and the case will be remanded to the trial court with jurisdiction to entertain and adjudicate any future proceedings touching the enforcement or modification of the decree to be entered herein. It may also be provided in the decree to be taken in this Court that defendant shall within 60 days after entry of decree herein pay to the friend of the court for plaintiff's attorney, an attorney fee in the sum of $150. No other costs will be awarded.

Dethmers, Butzel, Carr, Bushnell, Sharpe, Boyles, and Reid, JJ., concurred.