KNOWLES *v.* KNOWLES.

1. Divorce—Custody of Children.

   The prime consideration in determining custody of children of divorced parents must be the welfare and best interests of the children.

2. Same—Modification of Decree—Custody of Children.

   Record on appeal from order modifying decree as to custody of 8- and 5-year-old girls of divorced parents so as to extend period of mother's custody from 1 month to 6 weeks in the summer, adding half of the Christmas vacation and 1 week end a month *held,* not to justify disturbance of trial judge's decree, where it appears mother is no longer addicted to the use of intoxicants the way she was at time of decree of divorce, notwithstanding home, provided by husband who still retains their custody, is a better one than before.

3. Same—Custody and Support of Children—Statutes.

   It was competent for trial court to order husband to pay support for children while in mother's custody after divorce, notwithstanding that her petition made no such request, since court's authority to do so springs from statute and is in nowise dependent upon a prayer therefor in the petition of either party (CL 1948, § 552.16).

4. Same—Modification of Decree—Custody and Support of Children—Brief—Costs.

   No costs are allowed appellee wife upon affirmance of order modifying decree of divorce as to custody and support of children, where she filed no brief on appeal.

References for Points in Headnotes

[1] 17 Am Jur, Divorce § 673.
[2] 17 Am Jur, Divorce § 684.
[3] 17 Am Jur, Divorce §§ 693, 697.
[4] 17 Am Jur, Divorce § 570.

Appeal from Calhoun; Hatch (Blaine W.), J. Submitted June 10, 1954. (Docket No. 35, Calendar No. 46,092.) Decided September 8, 1954.

Divorce proceedings between Elizabeth Jo Ann Knowles and Paul E. Knowles resulted in decree for defendant on cross bill. Petition by plaintiff to modify decree in respect to custody of children. Decree modified in certain respects only. Defendant appeals. Affirmed.

*Andrew Cooke,* for defendant.

DETHMERS, J. On May 15, 1952, a decree of divorce was granted to defendant on his cross bill. The court found that plaintiff was addicted to the use of intoxicants, an habitual drunkard and unfit to have the custody of the 2 minor children and, accordingly, awarded their custody to their father, the defendant. The decree permitted plaintiff to visit the children at reasonable times and places and to have them with her within the State of Michigan for 1 month each summer, provided she should be able to provide a suitable home for them, and, in the event defendant moved them from the area in which plaintiff lived, then she was to have them also for 1 week end per month.

On July 27, 1953, plaintiff filed a petition for modification of the decree to change custody of the children and award the same to her. The court modified the decree to increase the amount of time during which plaintiff might have the children each summer from 1 month, as originally provided, to 6 weeks, and also to permit her to have them for one-half of the Christmas vacation period each year, including alternate Christmas days, and for 1 week end each month. By the modified decree defendant was required to pay $10 per week for the support of each

of the minor children whenever they might be in plaintiff's custody for 1 full week or longer pursuant to the terms thereof. From the modification defendant appeals.

· The petition for modification, answer and testimony taken thereon, together with the trial court's opinion, disclose the following facts: that both parties are remarried; that the children have a good home, even better than at the time their custody was originally awarded to defendant and that they are better cared for by him now than before; that plaintiff has changed her habits materially and·is not now addicted to the use of intoxicants like she was at the time of·divorce.

Defendant contends that the court should not have modified the custody provisions of the decree in the face of its finding (1) that there was no change for the worse in the defendant's care of the children since the decree, (2) that the children's lot had improved while in defendant's custody since the decree, (3) that plaintiff's condition and conduct had not necessarily undergone a complete and permanent improvement. Defendant says that there was absolutely no showing that the children's best interests would be served by a change in custody. Had the modified decree changed custody from defendant to plaintiff, we think defendant's arguments, if made in opposition to such modification, would have been well founded and supported by the authorities cited, such as *Mault* v. *Elliott,* 329 Mich 544; *Wells* v. *Wells,* 330 Mich 448; *Lazell* v. *Lazell,* 271 Mich 271; *Sims* v. *Sims,* 298 Mich 491. The court, however, did not change custody from the father to the mother. It is to be gathered from the court's opinion that, having observed the improvement in the mother's condition, the court believed that a proper regard for the welfare of the children indicated the advisability of allowing her to have the children for slightly longer

vacation periods than had been provided in the decree. As stressed in *Mault* and the cases therein cited and considered, the prime consideration must be the welfare and best interests of the children. With the custody left to the father there is nothing to indicate that the longer vacation periods spent with the mother would be injurious to the welfare and best interests of the children. The trial court evidently concluded that daughters, aged 8 and 5 years respectively, have an inherent need for such love, affection and attention as their natural mother is now able and suited to give them. This seems to us in no sense violative of, but, on the contrary, conducive to the best interests of these small girls. There is nothing in the record to persuade us to a different view.

Defendant contends that the court abused its discretion in requiring him to pay support for the children while in the mother's custody in view of the fact that her petition made no such request. It is competent for the court in divorce matters to provide for custody and child support. That authority springs from statute (CL 1948, § 552.16 [Stat Ann 1953 Cum Supp § 25.96]) and is in nowise dependent upon a prayer therefor in the petition of either party.

Affirmed, without costs, plaintiff having filed no brief on appeal.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, REID, and KELLY, JJ., concurred.