STOLBERG v STOLBERG

1. DIVORCE—CHILD SUPPORT—MODIFICATION OF JUDGMENT—EVIDEN-
TIARY RECORD.

An evidentiary record is required in contested proceedings to modify a judgment of divorce to decrease child support payments.

2. DIVORCE—CHILD SUPPORT—MODIFICATION OF JUDGMENT—FRIEND OF COURT REPORT—EVIDENCE.

The report of the friend of the court may not be used as evidence over the objection of either party in proceedings to modify a judgment of divorce to decrease child support payments.

Appeal from Wayne, Thomas J. Foley, J. Submitted May 8, 1972, at Detroit. (Docket No. 12669.) Decided June 2, 1972.

Complaint by Patricia A. Stolberg against William G. Stolberg for divorce. Judgment for plaintiff. Defendant's motion to modify the judgment to decrease child support payments granted. Plaintiff appeals. Reversed.

*Donald E. Gratrix,* for plaintiff.

*William F. MacQueen,* for defendant.

Before: DANHOF, P. J., and LEVIN and BORRA-DAILE,* JJ.

PER CURIAM. Following a judgment of divorce on

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 24 Am Jur 2d, Divorce and Separation § 844.

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

October 8, 1970, obligating the defendant husband to pay $27 per week for each of the parties' three minor children, defendant, on February 11, 1971, filed a motion to modify the judgment to decrease child support payments.

The support provisions of the judgment of divorce read that "this amount (the $27 per week per child) of support is predicated upon defendant's representation that his present income does not exceed eight hundred twenty ($820) dollars per month".

The Wayne County Friend of the Court recommended that support be reduced to $23 per week per child and the court, hearing oral arguments by counsel and no testimony, adopted the recommendations of the Friend of the Court over the objections of plaintiff's counsel.

Plaintiff contends that the court should have received testimony before making a ruling on the motions and that the Friend of the Court report cannot be used as evidence over the objection of either party to the matter.

We agree. Reversed on the authority of *Krachun v Krachun,* 355 Mich 167 (1959); *Ewald v Ewald,* 14 Mich App 665 (1968); *Stros v Stros,* 25 Mich App 154 (1970).