AMATO v SANBORN

1. DIVORCE—CHILDREN—SUPPORT—VENUE—JURISDICTION—STATUTES.

   A mother or guardian of a minor child may proceed for an order of support against the father for the support of the child by filing a complaint with the circuit court of the county where the mother or guardian or the father resides (MCLA 552.451a).

2. DIVORCE—CHILDREN—SUPPORT—JURISDICTION.

   The courts of Michigan have a legitimate interest in the subject matter and jurisdiction over the defendant in an action by a mother against a father for a modification of support for their minor child where the parties are all residents of this state even though such jurisdiction was not in effect at the time a divorce decree providing for support of the child was entered in another state.

Appeal from Ingham, Marvin J. Salmon, J. Submitted Division 2 April 3, 1973, at Lansing. (Docket No. 13514.) Decided May 23, 1973.

Complaint by Gayle Amato against Carl Sanborn for support of their minor child. Judgment for plaintiff. Defendant appeals. Affirmed.

*Carl H. Kaplan,* for the plaintiff.

*Thomas H. Bissell,* for defendant.

Before: McGREGOR, P. J., and QUINN and O'HARA,* JJ.

McGREGOR, P. J. Appeal is made from a Michi-

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] 24 Am Jur 2d, Divorce and Separation §§ 827–836.

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

gan circuit court support order, decreeing that the defendant make support payments of $18 per week for the care and maintenance of the minor child of these parties. In this action, commenced on October 18, 1971, plaintiff sought support for the minor child in the amount of $30 per week. Her petition for support averred that the parties hereto, residents of Michigan, were married on or about September 12, 1961, in Florida; that a son was born of said union; that the parties were divorced by a judgment of a Florida court on May 9, 1963; that plaintiff has custody of the minor child; that assistance by defendant for the support of the minor child is needed by the plaintiff; and that the defendant is capable of furnishing the necessary support.

On the ground that the plaintiff failed to state a claim upon which relief could be granted, GCR 1963, 117.2(1), a motion for summary judgment was filed by the defendant on November 15, 1971, and was denied on December 17, 1971.

Defendant's answer to the petition for support, filed in the Michigan court, alleges that he is earning a very small income and that $10 per week is the most which he can afford. The judgment of divorce granted in Florida provided for support payments at that figure.

A hearing was held on the petition for support, at which plaintiff testified that the parties were residing in Florida at the time of their divorce, granted in Hillsborough County, Florida.

The Michigan circuit court determined that a sufficient change in circumstances had occurred since the date of the judgment of divorce to justify an award for increased support for the minor child, and a judgment was entered which required the defendant to pay the amount of $18 per week

for support and maintenance of the minor child until the child attains the age of 18 years or graduates from high school, whichever is the more remote; to pay necessary medical expenses incurred on behalf of the child until further order of the court; and to pay a service charge to the Friend of the Court. The judgment further stated:

"IT IS FURTHER ORDERED and ADJUDGED that Plaintiff's attorney * * * forward a copy of this Judgment to the 13th Judicial Circuit for the County of Hillsborough, Florida, and that said Defendant shall be granted credit on the said Florida Court's Order at the rate of Ten ($10) Dollars per week for those payments paid to the Ingham County Friend of the Court."

This Court is now asked whether a Michigan court may amend the provisions for support of a minor child, ordered as part of a judgment of divorce granted in another state.

MCLA 552.451a; MSA 25.222(1a), enacted as part of 1966 PA 138, as amended by 1970 PA 153, provides:

"A mother or guardian of a minor child or children may proceed in the same manner, and under the same circumstances as provided in section 1 [by filing a complaint with the circuit court of the county where she or the father resides for an order of support], against the father for the support of the child or children. The order of support shall provide only for the support of the child or children, and the burden of proof shall be the same as provided in section 2 [if the father opposes entry of the order upon the ground that he is without sufficient ability to provide necessary shelter, food, care and clothing for said child or children, the burden of proving such lack of ability shall be upon him]. This section applies only to legitimate, legitimated and lawfully adopted minor children."

Defendant contends that MCLA 552.451a; MSA

25.222(1a) is inapplicable to the instant case, since that statute does not specifically allow for the type of order here sought, where a prior judgment has been enacted in a foreign jurisdiction. Since the Florida decree purports to retain within the Florida courts jurisdiction over the child of the parties, defendant claims that a divorce proceeding is to be deemed "pending" pursuant to the statute in question. See § 1 of the Act, MCLA 552.451; MSA 25.222(1), wherein it is stated in part:

"No complaint shall be filed nor shall any summons issue if divorce or separate maintenance proceedings are then pending between the petitioner and her husband."

The Florida divorce decree was final in 1963.

1966 PA 138 was enacted in order to provide support remedies in addition to other statutory methods of enforcement of the duty of support, and to provide such remedies to a class of persons theretofore without remedy. Funds used to pursue a remedy in a Florida court could be more wisely and efficiently used in caring for the child of these parties by a Michigan determination.

In 24 Am Jur 2d, Divorce and Separation, § 830, p 942, it is stated:

"There is authority for the rule that where the mother has obtained a divorce in another jurisdiction with an award of custody, she may maintain an independent action against the husband for the future support of the child."

In 27B CJS, Divorce, § 322(1), p 680, it is stated:

"The broad powers of a court to revise and alter an order or decree concerning the support and maintenance of children, and to make new orders as the circumstances of the parents and the interests of the

children may require, usually exist by reason of statute."

In § 322(3) of the above, pp 709-710, it is stated in part:

"The jurisdiction of the court rendering the decree usually continues regardless of changes of residence by the parties, and jurisdiction is not lost by the mere removal of the parties from the state or the taking of the child out of the state by one of the parties. * * *

"Since there is usually a continuing jurisdiction to modify child support provisions of a divorce decree, as stated, *supra,* § 322(1), in a proceeding brought to modify such provisions no further steps are required to acquire jurisdiction over the parties to the divorce decree. *Even though the court had no jurisdiction over defendant at the time the original decree was entered, such decree may be modified as to child support at such time as the court acquires jurisdiction over defendant * * * ."* (Emphasis added.)

The Florida courts may retain continuing jurisdiction over the parties to this action. However, we are aware that, equitably, the courts of Michigan also have an interest in the parties and have jurisdiction over the defendant, even though such jurisdiction was not in effect at the time the divorce decree was entered in Florida. Jurisdiction and venue over the defendant in the Michigan circuit court were properly laid. 1966 PA 138;[1] MCLA 552.451; MSA 25.222(1).

"A state has legislative jurisdiction to impose upon

---

[1] The act in question has the following stated purpose:

"AN ACT to confer jurisdiction upon the circuit courts to order and enforce the payment of money for the support of mothers and minor children by husbands and fathers and for the support of minor children by fathers, in certain cases; to provide for the termination of the effectiveness of such orders; and to provide for the payment of fees and assessment of costs in such cases."

one person a duty to support another person if (a) the person to be supported is domiciled within the state and the person to support is subject to the jurisdiction of the state * * * ." 1 Restatement, Conflict of Laws, § 457, p 546.

The statute in question, MCLA 552.451a; MSA 25.222(1a), would authorize the action taken by the circuit court in this case, inasmuch as all parties are residents of this state. All of the requirements of the statute are met: plaintiff and defendant and the minor child of the parties are domiciled in this state. Michigan has a legitimate interest in the subject matter of this action.

Affirmance of the trial court's action in this case is in order. The circuit court had the right and duty to order an increase in support payments where there existed an appropriate change in circumstances, 1 Moore & Moore, Michigan Practice, Divorce and Separation, § 1621 (1972 cum supp), p 84, notwithstanding the previous entry of a foreign divorce decree and support order involving the parties, both of whom are now residents of Michigan.

Affirmed. Costs to plaintiff.

All concurred.