Arthur J. Abrams, J.
The case at bar involves a petition for support filed pursuant to the Florida Uniform Reciprocal Enforcement of Support Law. The petitioner wife seeks a de nova hearing relative to support for the two children of the parties’ marriage as well as support for herself. Respondent husband, a Suffolk County resident, opposes the petition on the basis that there is presently an existing support order emanating from the Nassau County Family Court and, therefore, the petitioner’s application (Uniform Support of Dependents Law petition) should be treated as one seeking an upward modification of an order of another court. Respondent contends that the Family Court may transfer the within matter pursuant to sections 171 and 174 of the Family Court Act and, therefore, justify this court’s denial of a de nova hearing. However, not only are the sections in question discretionary but, of greater consequence, the facts do not justify the exercise of such discretion. This is not a situation wherein petitioner has moved from county to county to forum-shop or harass the respondent, but a bona fide relocation to a State many hundreds of miles from the petitioner’s former residence. Simply put, the respondent’s argument is not persuasive.
*1096 Subdivision 1 of section 41 of the Domestic Relations Law provides that the Uniform Support of Dependents Law “ shall be construed to furnish an additional or alternative civil remedy and. shall in no way affect or impair any other remedy, civil or criminal, provided in any other statute and available to the petitioner in relation to the same subject matter.” Section 411 of the Family Court Act provides the Family Court with exclusive original jurisdiction over support proceedings initiated under both article 4 of the Family Court Act and in proceedings under article 3-A of the Domestic Relations Law, known as the Uniform Support of Dependents Law. In light of this original jurisdiction and the above-mentioned subdivision 1 of section 41 of the Domestic Relations Law, petitioner had a choice to proceed under either the Uniform Support of Dependents Law or seek a transfer of the pending case from Nassau County and then an upward modification and enforcement of that Family Court order pursuant to the Family Court Act. The fact that there is an existing Family Court order of support of another county is, thus, not relevant since petitioner has not. sought to proceed under that section, but rather has chosen to proceed under the Uniform Support of Dependents Law as an “ additional or alternative” remedy which is available to her. Her selection, leaves the court with no choice but to proceed with a de nova■ hearing on the question of support under the Uniform Support of Dependents Law. Moreover to prevent a multiplicity of existing support orders, when and if an order is entered by this court pursuant to the petition now before it, a copy of said order will be forwarded to the Nassau County Family Court so that their support order can be vacated. Said result is only proper since it appears that the petitioner no longer resides in Nassau County, New York, but rather in Florida. (See Fenelle v. Fenelle, 183 Misc. 123.)
Respondent husband’s motion is dénied. Calendar Department to calendar case for de nova hearing on the first available date.