EBEL v BROWN

1. DIVORCE—CHILD SUPPORT—JURISDICTION.

A state has legislative jurisdiction to impose upon a parent a duty to support his child where the child is domiciled within the state and the parent looked to for support is subject to the jurisdiction of the state.

2. DIVORCE—CHILD SUPPORT—PROCEDURE—STATUTES.

A mother or guardian of a minor child seeking child support from the father may proceed by filing with the circuit court, of the county where she or the father resides, a complaint for an order of support against the father (MCLA 552.451a; MSA 25.222[1a]).

3. DIVORCE—CHILD SUPPORT—PROVISIONS IN DIVORCE DECREE—INTERESTS OF CHILD.

An agreement between divorced parents, evidenced by an executed affidavit and a provision in the final divorce decree, will not suspend the authority of the courts in this state to enter subsequently an order for child support; the interests of a child are not to be prejudiced by agreements between the parents.

4. PARENT AND CHILD—SUPPORT—INHERENT RIGHTS—NATURAL PARENTS.

A child does have an inherent right to support by its natural parent.

5. DIVORCE—CHILD SUPPORT—MODIFICATION OF DIVORCE DECREE—CHANGE IN CIRCUMSTANCES—FOREIGN DIVORCE DECREES.

A Michigan divorce decree which does not provide for child support may later be modified to provide for child support regardless of whether a change in circumstances has occurred;

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Divorce and Separation § 857.

[2, 3] 24 Am Jur 2d, Divorce and Separation §§ 827–875.
    Father's liability for support of child furnished after entry of decree of absolute divorce not providing for support. 69 ALR2d 203.

[4] 24 Am Jur 2d, Divorce and Separation §§ 827, 834, 835.

[5–7] 24 Am Jur 2d, Divorce and Separation §§ 850, 979.

this rule also applies to a foreign divorce decree where the Michigan courts have properly assumed legislative jurisdiction of the case.

6. DIVORCE—CHILD SUPPORT—CHANGE OF CIRCUMSTANCES—CIRCUMSTANCES REQUIRING SUPPORT.

The record must indicate that the circumstances of the parents and the welfare of the child require a support order before a court may enter an order for child support; no change of circumstances need be shown.

7. DIVORCE—CHILD SUPPORT—EVIDENTIARY HEARINGS—PARENT AND CHILD—CIRCUMSTANCES REQUIRING SUPPORT—REQUEST FOR HEARINGS.

A trial court should grant an evidentiary hearing to determine whether the circumstances of the parents and the child require support for the child where there has been an express request for such a hearing and there is no existing support order in the divorce decree.

Appeal from Wayne, George T. Martin, J. Submitted June 16, 1976, at Detroit. (Docket No. 25228.) Decided August 24, 1976.

Complaint by Linda L. Ebel against Robert W. Brown for an order of support of two minor children. Order of support entered. Defendant appeals. Remanded for further proceedings.

*Paul C. Perovich,* for plaintiff.

*Edmund J. Sikorski, Jr.,* for defendant.

Before: V. J. BRENNAN, P. J., and N. J. KAUFMAN and R. H. CAMPBELL,* JJ.

V. J. BRENNAN, P. J. Defendant Robert W. Brown was granted a final decree of divorce from plaintiff Linda L. Brown on or about August 14, 1968, in the Superior Court for the County of Pierce, State of Washington.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Under paragraph 4 of that decree, the following provision appears:

"that the plaintiff pay the defendant the sum of $–*none*– per month per child for the care and support of the two minor children."

In addition, plaintiff executed an affidavit whereby she released defendant from "any and all support for the two minor children" and "for that reason affiant releases plaintiff from all future responsibility or obligations to support their two children".

On August 10, 1972, plaintiff brought an action against defendant in the Superior Court for King County, State of Washington, by way of an order to show cause under the Uniform Reciprocal Enforcement of Support Act. The court commissioner dismissed the petition with prejudice upon the following finding:

"that the defendant Robert W. Brown not being required to pay support under the final decree of divorce No. 182338 entered in Pierce County, Washington on August 14, 1968, will not be required to pay support by this court."

At some point between August 10, 1972, and May 10, 1974, defendant became domiciled in the State of Michigan. Plaintiff is now domiciled in the State of Michigan as well.

Plaintiff renewed her efforts for aid in the Wayne County Circuit Court in this state on May 10, 1974, under an order for support pursuant to MCLA 552.451a; MSA 25.222(1a). On July 9, 1975, without an evidentiary hearing, the circuit court entered an order for support, on the basis of an investigation by the Wayne County Friend of the

Court. Pursuant to a motion made in accordance with GCR 1963, 808.3, an order staying the order of July 9, 1975, was entered pending this appeal.

On appeal, this Court must determine whether jurisdiction may be assumed under MCLA 552.451a; MSA 25.222(1a) to order child support where the original divorce decree contained no provision for such support. We must also decide if the circuit court properly decreed child support without holding a full evidentiary hearing to establish a change in circumstances.

This Court has spoken to a similar situation on the question whether jurisdiction can be properly taken under our laws. *Amato v Sanborn,* 47 Mich App 244; 209 NW2d 429 (1973). In *Amato,* the principle question was whether Michigan courts could amend provisions for support pursuant to the final divorce decree of a Florida court. As was the case in *Amato,* both parties in the present action are now permanently domiciled in Michigan. Consequently, we can likewise correctly assume legislative jurisdiction and apply Michigan law in the matter. Note the following section of the Restatement, Conflict of Laws, as applicable here:

"A state has legislative jurisdiction to impose upon one person a duty to support another person if (a) the person to be supported is domiciled within the state and the person to support is subject to the jurisdiction of the state." 1 Restatement, Conflict of Laws, § 457, p 546.

We are here concerned with MCLA 552.451a; MSA 25.222(1a), which reads as follows:

"A mother or guardian of a minor child or children may proceed in the same manner, and under the same circumstances as provided in section 1 [by filing a

complaint with the circuit court of the county where she or the father resides for an order of support], against the father for the support of the child or children. The order of support shall provide only for the support of the child or children, and the burden of proof shall be the same as provided in section 2 [if the father opposes entry of the order upon the ground that he is without sufficient ability to provide necessary shelter, food, care and clothing for said child or children, the burden of proving such lack of ability shall be upon him]. This section applies only to legitimate, legitimated and lawfully adopted minor children."

Defendant argues that the affidavit plaintiff executed and the similar provision in the final divorce decree preclude any subsequent decree of child support. We do not agree. *Ydrogo v Ydrogo,* 332 Mich 530, 533; 52 NW2d 345 (1952), *West v West,* 241 Mich 679, 683–684; 217 NW 924 (1928) (where the Michigan Supreme Court recognized that such an agreement will not suspend the authority of the courts in this state to enter an order for child support).

Further, we would reject such a position solely out of the interests of the child not to be prejudiced by agreements between parents. *Ballard v Ballard,* 40 Mich App 37, 42–43; 198 NW2d 451 (1972) (BRENNAN, J., dissenting), *Wiersma v Wiersma,* 241 Mich 565, 566; 217 NW 767 (1928). Accord, *Ditmar v Ditmar,* 48 Wash 2d 373; 293 P2d 759 (1956), *Herzog v Herzog,* 23 Wash 2d 382; 161 P2d 142 (1945).

We feel a child does have an inherent right to the support of its natural parent. *Oliver v Oliver,* 306 Mich 273; 12 NW2d 558 (1943). Accord, *Griggs v Morgan,* 4 Wash App 468; 481 P2d 913 (1971).

We find no authority expressly on point in this state for the proposition whether Michigan courts may order child support where a final divorce

decree from a foreign court specifically does not so provide. However, in wholly Michigan divorces, where a decree does not provide for child support, maintenance may later be decreed regardless of whether a change in circumstances has occurred. *Ballard v Ballard, supra,* at 42 (Brennan, J., dissenting), *West v West, supra,* at 686. Consequently, having properly assumed legislative jurisdiction in this case, we do not hesitate applying the same rule where a foreign decree is at issue.

Further, in that no change of circumstances need be shown where the court is involved with a decree of support not specified in the original divorce decree, the record need only indicate that the circumstances of the parents and the welfare of the child require support. *Ballard v Ballard, supra,* at 42 (Brennan, J., dissenting), *West v West, supra,* at 686. We do not feel an evidentiary hearing is necessary as would be the case if modification of an *existing* support order were the case. See *Stolberg v Stolberg,* 41 Mich App 305; 200 NW2d 110 (1972), *Ewald v Ewald,* 14 Mich App 665; 166 NW2d 49 (1968), *Bowler v Bowler,* 351 Mich 398, 88 NW2d 505 (1958). However, where there has been one requested, the court should so grant. Here there was an express request for such a hearing.

We remand to the trial court for the hearing and, if the evidence there adduced supports his original findings, we affirm; if he feels, after the hearing, that those findings should be altered, he may do so. We retain no further jurisdiction.