MARTIN v COFFEY

Docket No. 77-694. Submitted October 13, 1977, at Lansing.—Decided
    May 8, 1978.

In 1962 the prosecuting attorney of Jackson County brought a
    paternity action on behalf of Doris Martin against Clyde Coffey
    which resulted in an order of support. On September 2, 1969,
    an order was entered in settlement of arrearages from the prior
    order and settling all past, present and future support obliga-
    tions. This order was approved by plaintiff but not by the
    prosecutor and no notice of that order was given to the prosecu-
    tor or Department of Social Services. Subsequently, plaintiff
    Doris Martin began receiving public assistance, and the prose-
    cutor initiated the instant action for her under the Uniform
    Reciprocal Enforcement of Support Act at the request of the
    Department of Social Services. Defendant moved to quash,
    alleging that the action was barred by the prior settlement
    order. In response, plaintiff moved to modify the settlement
    order. The Jackson Circuit Court, Charles J. Falahee, J., denied
    plaintiff's motion and granted defendant's motion to quash.
    Plaintiff appeals. *Held:*

    1. Failure to set out in the petition under the Uniform
    Reciprocal Enforcement of Support Act a prior settlement
    agreement discharging arrearage and future support obliga-
    tions under the Paternity Act is failure to set forth "all other
    pertinent information" as required by the act, and such a
    petition is properly quashed.

    Affirmed.

    H. L. Heading, J., dissented. He would hold that the law
    applicable to a determination of the respondent's duty of sup-

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 23 Am Jur 2d, Desertion and Nonsupport § 128 *et seq.*
    59 Am Jur 2d, Parent and Child § 53.
    Construction and application of state statutes providing for recipro-
        cal enforcement of duty to support dependents. 42 ALR2d 768.
[2] 23 Am Jur 2d, Desertion and Nonsupport §§ 128, 131–133, 153.
[3] 23 Am Jur 2d, Desertion and Nonsupport §§ 128, 132, 136, 137,
    141.
[4] 23 Am Jur 2d, Desertion and Nonsupport §§ 126–128, 131–133.

port under the Uniform Reciprocal Enforcement of Support Act is that of the responding state, and that a determination by a Michigan court that defendant's duty of support had been met is not binding upon the court of the responding state.

OPINION OF THE COURT

1. PARENT AND CHILD—STATUTES—UNIFORM RECIPROCAL ENFORCE-
   MENT OF SUPPORT ACT.

   Failure to set out in a petition for relief under the Uniform Reciprocal Enforcement of Support Act alleging an arrearage in payment of an order of support granted under the Paternity Act that an order had been subsequently entered settling arrearages and future support is failure to set out "all other pertinent information" as required by the former act, and a petition lacking such pertinent information is properly quashed upon motion by the nonresident spouse (MCL 780.161; MSA 25.225[11]).

DISSENT BY H. L. HEADING, J.

2. PARENT AND CHILD—STATUTES—UNIFORM RECIPROCAL ENFORCE-
   MENT OF SUPPORT ACT—DUTY OF SUPPORT.

   *The duties of support enforceable under the Uniform Reciprocal Enforcement of Support Act are those imposed under the laws of the state where the alleged obligor was present during the period for which the support is sought (MCL 780.158; MSA 25.225[8]).*

3. PARENT AND CHILD—STATUTES—UNIFORM RECIPROCAL ENFORCE-
   MENT OF SUPPORT ACT.

   *Among the duties of a court of this state, acting as the initiating state, is the duty to certify a petition under the Uniform Reciprocal Enforcement of Support Act to the responding state if it finds that the petition sets forth facts from which it may be determined that the respondent owes a duty of support and that a court of the responding state may obtain jurisdiction over the respondent or his property (MCL 780.162; MSA 25.225[12]).*

4. PARENT AND CHILD—STATUTES—UNIFORM RECIPROCAL ENFORCE-
   MENT OF SUPPORT ACT—DUTY OF SUPPORT—CONFLICT OF LAWS.

   *The support determination of a court of another jurisdiction is not binding on courts of the responding state even where the determination is that the support obligation is terminated, in view of the statutory provision that the applicable law is that*

*of the responding state and that the Uniform Reciprocal Enforcement of Support Act is cumulative of other remedies.*

*Edward Grant,* Prosecuting Attorney, and *James O. Marks,* Assistant Prosecuting Attorney, for the plaintiff.

Before: DANHOF, C. J., and ALLEN and H. L. HEADING,* JJ.

DANHOF, C. J. This appeal concerns a proceeding under the Uniform Reciprocal Enforcement of Support Act (URESA), MCL 780.151 *et seq.;* MSA 25.225(1) *et seq.* Plaintiff appeals from the trial court's order quashing her petition for support under URESA.

Plaintiff, a Michigan resident, sought to utilize the URESA to enforce a purported obligation of support owed by defendant, a Texas resident, to the parties' child, as established by a prior order of support entered as a result of an action under the Paternity Act, MCL 722.711 *et seq;* MSA 25.491 *et seq.* Because plaintiff relies on this order and because no marriage or divorce is involved, the divorce case law relied upon by the dissent, does not have application in the instant case. We note also that while URESA provides additional remedies it does not independently create any duty of support.

Under URESA, once a petition has been presented to an initiating court setting out facts from which a duty of support may be found and the initiating court has certified this petition to the responding state court, the defendant should present any defenses in the responding state court which then determines the existence and extent of any support obligation. In the instant case plaintiff

* Circuit judge, sitting on the Court of Appeals by assignment.

filed a URESA petition in the lower court. The petition stated that paternity had been established in 1963. This petition was certified to the appropriate Texas court. Defendant then moved in the Michigan court to quash the petition.

URESA provides in part that:

"The petition shall be verified and shall state the name and, so far as known to the petitioner, the addresses and circumstances of the respondent, his dependents for whom support is sought *and all other pertinent information.*" (Emphasis added.) MCL 780.161; MSA 25.225(11).

We believe that the petition in this case was properly quashed because it failed to set out "other pertinent information".

The Paternity Act reads in part:

"Sec. 3. (a) An agreement or compromise made by the mother or child or by some authorized person on their behalf with the father concerning the support and education of the child shall be binding upon the mother and the child only when the court having jurisdiction to compel support and education of the child shall have determined that adequate provision is reasonably secured by payment or otherwise and has approved the agreement or compromise.

"(b) The performance of the agreement or compromise, when so approved, *shall bar other remedies of the mother or child* for the support and education of the child." (Emphasis added.) MCL 722.713; MSA 25.493.

In light of this Paternity Act provision, the 1969 agreement between the parties, approved by the circuit court, discharging defendant's support obligation must be considered "other pertinent information", however, no mention of this agreement was made in the URESA petition filed by plaintiff.

Consequently, we affirm the quashing of plaintiff's original URESA petition but do so without prejudice to plaintiff's filing of another URESA petition fully setting out the pertinent information. We state no opinion as to whether or not MCL 722.713(b); MSA 25.493(b) necessarily precludes action under URESA on the facts of this case.

Affirmed. No costs.

ALLEN, J., concurred.

H. L. HEADING, J. *(dissenting)*. The factual background for this action is as follows: In 1962 the prosecuting attorney brought on behalf of plaintiff a paternity action against defendant which resulted in an order for support being entered in Jackson County Circuit Court. Defendant failed to comply with that order, and eventually accumulated arrearages of $1,082. On September 2, 1969, an order was entered in the trial court in settlement of the arrearages which provided that defendant would pay to plaintiff the sum of $1,000 for all past, present and future support. The order was approved by plaintiff, but not by the prosecutor, and no notice of the settlement was apparently given either to the prosecutor's office or to the Department of Social Services.

Subsequently, plaintiff began receiving public assistance, and the prosecutor initiated the instant action at the request of the Department of Social Services. Defendant filed a motion to quash, alleging that the action was barred by the settlement order. The prosecutor filed on plaintiff's behalf a motion to modify the settlement order entered previously. Both motions were heard on January 28, 1977. The trial court, taking judicial notice of the settlement order releasing defendant from future liability for support, granted defendant's

motion, denied plaintiff's motion, and ordered the prosecutor to proceed no further with the action. This appeal followed.

Plaintiff contends that the trial court's action amounted to a ruling on the substantive issue of defendant's duty of support, a matter which must be determined by the appropriate court in the responding state, in this case Texas. She further alleges that a court of the responding state may make an independent determination under the Uniform Reciprocal Enforcement of Support Act (URESA), MCL 780.151 *et seq.;* MSA 25.225(1) *et seq.,* of defendant's duty of support, notwithstanding any existing judgment or order in the initiating or any other state.

Relevant portions of the Michigan statute include MCL 780.158; MSA 25.225(8), which provides in pertinent part:

"Duties of support enforceable under this law are those imposed * * * under the laws of any state where the alleged obligor was present during the period for which support is sought."

Among the duties of the initiating state, set forth in MCL 780.162; MSA 25.225(12) is the following:

"*If the court* of this state, acting as an initiating state, *finds that the petition sets forth facts from which it may be determined that the respondent owes a duty of support* and that a court of the responding state may obtain jurisdiction of the respondent or his property, *he shall so certify * * * to the court in the responding state.*" (Emphasis supplied.)

In addition, MCL 780.154; MSA 25.225(4) provides:

"The remedies herein provided are in addition to and not in substitution for any other remedies."

Although this is apparently a case of first impression in Michigan, other jurisdictions have faced somewhat similar questions under URESA. In *Olson v Olson,* 534 SW2d 526 (Mo App, 1976), the Missouri court held that an action under URESA was separate from and independent of a previous determination of support in a foreign divorce decree, and the existence of a prior support order did not bar an action under URESA. Noting that many states had construed the act to permit the responding state to make a new determination of support, the court said:

"Consideration of URESL as a whole, and the judicial opinions construing it, lead to the conclusion that the court in the responding state may make its own determination of the needs of the party invoking URESL and has the power to make such support orders as justice requires; that if the evidence in a URESL case entitles petitioner to an award of child support greater than that granted in a prior divorce decree the required payments may be increased in the court of the responding state, and a prior foreign decree awarding a lesser sum does not bar such relief." *Olson, supra,* at 531.

Accord, *Hudak v Hudak,* 74 Misc 2d 1095; 346 NYS2d 161 (1973).

In view of the statutory provisions that the applicable law is that of the responding state and that URESA is cumulative of other remedies, it seems most reasonable to hold that the support determination of the court of another jurisdiction is not binding on courts of the responding state even where, as in the case before us, the determination is that the support obligation is terminated. This result is consistent with the policy that a

child is entitled to support from her natural parent, *Ebel v Brown,* 70 Mich App 705; 246 NW2d 379 (1976).

Additionally, I note that public policy dictates that private agreements, even those incorporated into an order of the court, not be permitted to abrogate duties imposed by law, *Ydrogo v Ydrogo,* 332 Mich 530; 52 NW2d 345 (1952), *Barfield v Harrison,* 101 Ga App 497; 114 SE2d 302 (1960).

I would reverse and remand for further proceedings.