SCOTT v SCOTT

Docket No. 110846. Submitted November 14, 1989, at Grand Rapids.
  Decided February 20, 1990.

  Edward A. and Sharon M. Scott, while residents of the State of
    Texas, were divorced by order of a Texas court in August, 1986.
    Edward Scott was awarded custody of two of the couple's four
    children, Caroline and Jacob. Sharon Scott, then pregnant with
    the couple's fifth child, was awarded custody of Lorien and
    Benjamin. No award for child support was made. Sharon Scott
    and the children in her custody moved to Michigan, where the
    fifth child, Nicholas, was born. In April, 1988, Edward Scott
    brought an action in Kent Circuit Court, seeking custody of
    Lorien and Benjamin. The court, George R. Cook, J., denied
    plaintiff's request and on its own motion ordered plaintiff to
    pay weekly support for the three children in defendant's care.
    Plaintiff appealed, claiming that the trial court lacked jurisdic-
    tion to order payment of child support.

  The Court of Appeals *held:*

  1. The trial court had jurisdiction to make a child custody
  determination in this case pursuant to the Uniform Child
  Custody Jurisdiction Act.

  2. Michigan courts may order child support where the di-
  vorce was obtained in another jurisdiction, but the decree does
  not provide for it.

  Affirmed.

DIVORCE — FOREIGN DIVORCE DECREES — MODIFICATION OF DIVORCE
    DECREE — CHILD CUSTODY — CHILD SUPPORT.

  A Michigan court which has proper jurisdiction over an action
    brought under the Uniform Child Custody Jurisdiction Act by a
    nonresident, noncustodial parent for the modification of a
    foreign divorce decree as to child custody may, on its own
    motion, order the plaintiff to pay child support where the
    original decree did not provide for child support (MCL 552.451
    *et seq.,* 600.651 *et seq.;* MSA 25.222[1] *et seq.,* 27A.651 *et seq.).*

REFERENCES
Am Jur 2d, Divorce and Separation §§ 1145-1147.
Validity, construction, and application of Uniform Child Custody
  Jurisdiction Act. 96 ALR3d 968.

*Howard & Quinn, P.C.* (by *Michael B. Quinn*), for plaintiff.

*Legal Aid of Western Michigan* (by *Leslie C. Curry*), for defendant.

Before: Cynar, P.J., and Marilyn Kelly and T. G. Kavanagh,* JJ.

Marilyn Kelly, J. Plaintiff Edward Scott appeals as of right an order directing him to pay child support. The support is for his minor children who are in the custody of their mother, defendant Sharon Scott, in Michigan. Plaintiff, who resides in Texas, claims the Michigan court lacked jurisdiction to order him to pay support. We disagree and affirm.

Plaintiff and defendant were once residents of Michigan. They were divorced by a Texas court in August, 1986, after moving to that state. The divorce decree awarded custody of two of the couple's four children, Caroline and Jacob, to plaintiff and the other two, Lorien and Benjamin, to defendant. No award for child support was made. At the time of the divorce, defendant was eight months pregnant with a fifth child, Nicholas. Plaintiff claimed that he was not the father. The court ordered defendant to pay all expenses related to the child's birth.

Following the divorce, defendant returned to Michigan with Lorien and Benjamin. Nicholas was born two weeks later.

In April, 1988, plaintiff filed suit in Michigan requesting custody of Lorien and Benjamin. The Michigan court issued an ex parte order for custody based upon plaintiff's allegations that defen-

---

* Former Supreme Court justice, sitting on the Court of Appeals by assignment.

dant was abusing them. Plaintiff took the children back to Texas.

On June 4, 1988, following a two-day bench trial in this state, the judge denied plaintiff's request for a change in custody and ordered the two children returned to defendant. Plaintiff was also ordered to pay $55 per week in child support.

Plaintiff now claims that the Michigan circuit court lacked jurisdiction to award child support. He argues that the court could not modify the Texas divorce decree regarding support, having refused to modify it as to custody.

Plaintiff brought his custody suit in a Michigan court under the Uniform Child Custody Jurisdiction Act (UCCJA). MCL 600.651 *et seq.*; MSA 27A.651 *et seq.* This act provides in part:

> (1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree or judgment if any of the following exist:
>
> (a) This state is the home state of the child at the time of commencement of the proceeding or had been the child's home state within 6 months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state.
>
> (b) It is in the best interest of the child that a court of this state assume jurisdiction because the child and his parents, or the child and at least 1 contestant, have a significant connection with this state and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships. [MCL 600.653; MSA 27A.653.]

When the custody suit was filed, the children

had lived with their mother in Michigan for nearly two years. As a result, the Michigan circuit court had subject-matter jurisdiction over the custody dispute. Plaintiff claims that, in refusing to modify the Texas decree, the judge declined to exercise jurisdiction. This argument lacks merit. The subject-matter jurisdiction of the court does not depend upon the outcome of the case.

Plaintiff correctly asserts that child support is not covered under the UCCJA. MCL 600.652(b); MSA 27A.652(b). However, it does not of necessity follow that the Michigan court lacked jurisdiction to award child support in this case.

We recognize that the Texas court may retain continuing jurisdiction. The Michigan court nonetheless has an equitable interest in the parties and in the issue of child support, as the mother and three of the children reside in this state. *Amato v Sanborn,* 47 Mich App 244, 248; 209 NW2d 429 (1973). It is incontestably within the jurisdiction of Michigan courts to award child support. 1966 PA 138; MCL 552.451 *et seq.*; MSA 25.222(1) *et seq., Amato, supra,* pp 248-249; *Ebel v Brown,* 70 Mich App 705, 708; 246 NW2d 379 (1976).

Defendant did not formally petition the Michigan court for support for her children. She did, however, state her intention to request it during the trial. It was not improper for the court to award support without a formal petition. *Knowles v Knowles,* 340 Mich 238, 241; 65 NW2d 772 (1954). Further, the record reveals a need for support. Defendant's problems with her children stemmed from intense stress she experienced as a result of raising three children and working to support them and herself unassisted by their father. The court has the authority to award child support without an evidentiary hearing where no

support was ordered in the initial decree. *Johns v Johns,* 178 Mich App 101, 106; 443 NW2d 446 (1989). Similarly, Michigan courts may order support where the divorce was obtained in another jurisdiction, but the decree does not provide for it. *Ebel, supra,* pp 709-710.

In this case, the court acquired personal jurisdiction over plaintiff when he brought suit in Michigan. MCL 600.701; MSA 27A.701. The court properly exercised its jurisdiction when it awarded child support to the parties' three children in Michigan.

Affirmed.