LOWE v LOWE

Docket No. 48593. Submitted May 7, 1981, at Detroit.—Decided June 17, 1981.

Robert L. Lowe brought an action against Sarah L. Lowe for divorce. Personal service was effected on Sarah in Tennessee, but no attempt to answer was made. Subsequently default was entered, and judgment was granted in favor of plaintiff. Defendant moved to set aside the judgment, which motion was granted, Wayne Circuit Court, Joseph A. Moynihan, Jr., J. Plaintiff sought leave to appeal in the Court of Appeals, which leave was granted. On appeal, plaintiff alleges that the trial court erred in setting aside the judgment of divorce on the ground that it lacked personal jurisdiction over defendant. *Held:*

1. The trial court had the requisite limited personal jurisdiction over defendant to grant the default judgment of divorce, plaintiff and defendant having maintained a domicile in Michigan while subject to the family relationship which was the basis for the claim of divorce, and the mode of sevice of process having given defendant adequate notice of the proceeding and an opportunity to be heard consistent with the requirements of due process.

2. The statutes which provide for jurisdiction over nonresident defendants in divorce actions, while *in pari materia,* are complementary, and both must stand and be given effect.

Reversed.

1. DIVORCE — COURTS — NONRESIDENT DEFENDANTS — JURISDICTION — STATUTES.

Limited personal jurisdiction may be had by a Michigan court in an action for divorce over a nonresident defendant so as to render personal judgments against the defendant relative to the divorce action where the defendant maintained a domicile in Michigan while subject to a marital or family relationship

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 24 Am Jur 2d, Divorce and Separation §§ 257, 260.

[3, 4] 73 Am Jur 2d, Statutes §§ 187-190.

[5] 62 Am Jur 2d, Process § 48.

which is the basis for the claim of divorce, alimony, separate maintenance, property settlement, child support, or child custody (MCL 600.705[7]; MSA 27A.705[7]).

2. Divorce — Courts — Nonresident Defendants — Jurisdiction — Statutes.

Limited personal jurisdiction may be had by a Michigan court in an action for divorce over a nonresident defendant who never was domiciled in Michigan while subject to a marital or family relationship which is the basis for the claim of divorce where the defendant is brought in by publication or personally is served with process in the state, or personally is served with a copy of an order for appearance and publication within the state or elsewhere, or voluntarily appears in the action and proper proof of service is made (MCL 522.9a; MSA 25.89[1]).

3. Statutes — Judicial Construction.

Statutory provisions which are *in pari materia* should be read together and given effect if such can be done without contradiction, repugnancy, absurdity, or unreasonableness.

4. Divorce — Courts — Jurisdiction — Nonresident Defendants — Judicial Construction — Statutes.

The statutory provisions which separately allow limited personal jurisdiction over nonresident defendants in divorce actions are *in pari materia,* and when read together the provisions are complementary, and thus both must stand and be given effect (MCL 552.9a, 600.705[7]; MSA 25.89[1], 27A.705[7]).

5. Process — Personal Service — Territorial Limitations — Court Rules.

There is no territorial limitation on the range of personal service of process on a defendant (GCR 1963, 105.1, 105.9).

*Merrill, Tatham & Rosati, P.C.,* for plaintiff.

Before: Bashara, P.J., and N. J. Kaufman and J. L. Banks,* JJ.

Per Curiam. Robert and Sarah Lowe were married in Washington, D.C., on November 6, 1957. They moved to Michigan in 1961. The parties separated in November, 1975. Sarah established

---

* Circuit judge, sitting on the Court of Appeals by assignment.

residence in the State of Tennessee in May, 1977, leaving Robert with their four minor children. On September 16, 1977, Robert filed a complaint for divorce in Wayne County Circuit Court. Personal service was made on Sarah in Lexington, Tennessee, on October 5, 1977. Sarah made no attempt to answer the complaint. Default was entered on December 16, 1977, and on October 10, 1978, judgment of divorce was granted on the complaint, granting Robert custody of the four children.

On November 1, 1978, Sarah filed a motion to set aside the judgment on the grounds that she had a valid defense and that the property settlement was unfair. She did not challenge the jurisdiction of the court. The trial judge set aside the judgment of divorce, holding that personal service of the summons and complaint upon defendant outside the State of Michigan without obtaining an order of substituted service did not grant jurisdiction to enter a judgment of divorce. Plaintiff moved for a rehearing, and the motion was denied.

Plaintiff contends that the trial court erred in setting aside the judgment of divorce on the ground that it lacked personal jurisdiction over the defendant.

MCL 600.705(7); MSA 27A.705(7) sets forth the minimum contacts for the exercise of limited personal jurisdiction over a nonresident defendant in a divorce action:

"Sec. 705. The existence of any of the following relationships between an individual or his agent and the state shall constitute a sufficient basis of jurisdiction to enable a court of record of this state to exercise limited personal jurisdiction over the individual and to enable the court to render personal judgments against the individual or his representative arising out of an act which creates any of the following relationships:

* * *

"(7) Maintaining a domicile in this state while subject to a marital or family relationship which is the basis for the claim of divorce, alimony, separate maintenance, property settlement, child support, or child custody."

This Court has had one occasion to interpret this new section of the statute in *Fitzwater v Fitzwater*, 97 Mich App 92; 294 NW2d 249 (1980). In *Fitzwater*, we held that there were insufficient contacts with this state to modify a child support award because the wife and child moved to Michigan sometime after the divorce in Texas, where the husband remained. This Court explained:

"However, the exercise of in personam jurisdiction over the plaintiff husband also requires a showing that the prescribed relationship between the party and the state makes it constitutionally permissible for the state to extend its judicial power over the party. In order to constitutionally subject a party to a judgment in personam, 'certain minimum contacts' within the territory of the forum must be shown so that the maintenance of the suit does not 'offend "traditional notions of fair play and substantial justice." ' *International Shoe Co v Washington*, 326 US 310, 316; 66 S Ct 154; 90 L Ed 95; 161 ALR 1057 (1945)." *Id.*, 97.

The undisputed fact is that plaintiff and defendant maintained a domicile in this state while subject to a family relationship, and the court had the requisite limited personal jurisdiction over defendant to grant the default judgment of divorce. As the court had personal jurisdiction over defendant, the remaining issue to be resolved is whether the mode of service of process herein gave defendant adequate notice of this proceeding and

an opportunity to be heard consistent with the requirements of due process.

The trial court concluded that MCL 552.9a(3); MSA 25.89(1)(3) mandates service of an order for appearance as a prerequisite to obtaining limited personal jurisdiction over a nonresident defendant in a divorce action despite MCL 600.705(7); MSA 27A.705(7). We cannot agree.

Prior to MCL 600.705(7); MSA 27A.705(7), which became effective April 1, 1975, MCL 552.9a; MSA 25.89(1) was the only statutory provision which set forth the bases for obtaining jurisdiction over defendants in divorce cases:

"Sec. 9a. No decree of divorce shall be granted in any case except when one of the following facts exist;

"(1) The defendant is domiciled in this state at the time the bill of complaint for divorce is filed; or

"(2) The defendant shall have been domiciled in this state when the cause for divorce alleged in the bill or petition arose; or

"(3) The defendant shall have been brought in by publication or shall have been personally served with process in this state, or shall have been personally served with a copy of the order for appearance and publication within this state or elsewhere, or has voluntarily appeared in such action or proceeding. Whenever any such order shall be served outside this state, proof of such service shall be made by the affidavit of the person who shall serve the same, made before a justice of the peace or notary public, and when such affidavit shall be made outside this state it shall have attached thereto the certificate of the clerk of a court of record, certifying to the official character of the justice or notary and the genuineness of his signature to the jurat of the affidavit."

As both acts have a common purpose, establishing a factual basis for jurisdiction to grant a decree of divorce, they are *in pari materia*. The

two statutes affecting a given person or subject should be read together and given effect if such can be done without contradiction, repugnancy, absurdity, or unreasonableness. *People v Harrison,* 194 Mich 363, 370-371; 160 NW 623 (1916).

The purpose of the long-arm statute, MCL 600.705(7); MSA 27A.705(7), is to allow limited personal jurisdiction over a defendant who has had sufficient minimum contacts with the state. Section 3 of MCL 552.9a; MSA 25.89(1) requires that when an order for appearance and publication is personally served outside the state, an affidavit of the server and the certificate of the clerk of a court of record is required to obtain jurisdiction. This basis for jurisdiction can exist even though defendant never was domiciled in this state while subject to a marital or family relationship. It is an alternative basis for obtaining jurisdiction; thus, it is complementary to MCL 600.705(7); MSA 27A.705(7).

Although both statutes are *in pari materia,* they are not in conflict. The two statutory sections are complementary. Therefore, they both must stand and be given effect. The new section was intended by the Legislature to make it easier to obtain jurisdiction and service of process on absent spouses in divorce cases. When jurisdiction is supplied by MCL 600.705(7); MSA 27A.705(7), the divorce action should be treated as any of the other six bases for obtaining limited personal jurisdiction in regard to service of process.

GCR 1963, 105.1 provides for personal service of process on a defendant. GCR 1963, 105.9 clearly states that: "There is no territorial limitation on the range of service of such notice." Defendant personally was served the summons and a copy of

the complaint on October 5, 1977. Defendant had notice and an opportunity to be heard consistent with the requirements of due process. The court had limited personal jurisdiction over the defendant. Therefore, the default judgment properly was entered.

The order vacating the default judgment is reversed, and the judgment of divorce is reinstated.